UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD B.,

                              Plaintiff,

v.                                                     1:19-CV-0579
                                                         (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                            OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC     BRANDI SMITH, ESQ.
  Counsel for Plaintiff                                  KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                BRITTANY GIGLIOTTI, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   EMILY FISHMAN, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 17.)[1] The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

---

[1] In accordance with Standing Order dated November 18, 2020, to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify plaintiff by first name and last initial.

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

## I.   RELEVANT BACKGROUND

### A.   Factual Background

Plaintiff was born in 1972.  (T. 128.)  He completed high school.  (T. 249.) Generally, Plaintiff's alleged disability consists of: neck injury; right elbow injury; post-traumatic stress disorder ("PTSD"); bipolar disorder; anxiety; and seizures.  (T. 248.) His alleged disability onset date is March 31, 2011.  (T. 128.)  His date last insured is December 31, 2016.  (T. 128.)  His past relevant work consists of assembly worker, head of delivery, and stocker.  (T. 85, 249.)

### B.   Procedural History

On July 30, 2015, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act.  (T. 128.)  Plaintiff's applications were initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ").  On April 10, 2018, Plaintiff appeared before the ALJ, Benjamin Chaykin.  (T. 91-127.)  On July 28, 2018, ALJ Chaykin issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 71-90.)  On March 5, 2019, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-7.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C.   The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 76-86.)  First, the ALJ found Plaintiff met the insured status

2

requirements through December 31, 2018.  (T. 77.)  The ALJ determined Plaintiff had engaged in substantial gainful activity from October 2016 through December 2017; however, there was a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity.  (*Id*.)  Second, the ALJ found Plaintiff had the severe impairments of: spine disorder; seizure disorder; obesity; affective disorder; anxiety disorder; PTSD; and obsessive-compulsive disorder.  (T. 78.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (*Id*.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a); except, Plaintiff was subject to the following limitations:

> (1) no climbing of ropes, scaffolds, or ladders, (2) occasional climbing of ramps or stairs, (3) occasional stooping, crouching, balancing, kneeling, or crawling, (4) no exposure to dangerous hazards such as unprotected heights or dangerous machinery, (5) no driving as part of job duties, (6) frequent reaching, and (7) limited to simple tasks.

(T. 80.)[2]  Fifth, the ALJ determined Plaintiff unable to perform past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 85-86.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

---

[2]     Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. §§ 404.1567(a), 416.967(a).

Plaintiff makes two separate arguments in support of his motion for judgment on the pleadings. First, Plaintiff argues the ALJ failed to evaluate several medical opinions provided by Plaintiff's treating neurosurgeons, A. Marc Tetro, M.D. and Zair Fishkin, M.D. (Dkt. No. 10 at 11-13.) Second, and lastly, Plaintiff argues the ALJ failed to reconcile the conflict between the RFC determination and the limitations contained in the medical opinions. (*Id*. at 13-17.) Plaintiff also filed a reply in which he reiterated his original arguments. (Dkt. No. 16.)

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues statements that an individual is disabled are not opinions under the medical evidence rules. (Dkt. No. 15 at 9-12.) Second, and lastly, Defendant argues substantial evidence supports the ALJ's determination that Plaintiff could perform a range of sedentary work. (*Id*. at 12-18.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be

deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV.   ANALYSIS

#### A.   Opinion Evidence Provided by Drs. Tetro and Fishkin

Plaintiff argues the ALJ failed to discuss or acknowledge medical opinions provided by Drs. Tetro and Fishkin.  (Dkt. No. at 11.)  Plaintiff argues such error was harmful because the doctors provided greater limitations than those contained in the RFC.  (*Id*.)  For the reasons outlined herein, the ALJ properly weighed the various opinions provided by Drs. Tetro and Fishkin.

As an initial matter, Plaintiff was injured while working and therefore many treatment notations and treating source statements relate to his worker's compensation claim.  Plaintiff asserts the ALJ failed to properly assess the following opinions from treating providers who provided services in connection with Plaintiff's worker's compensation claim.  On August 18, 2011, and August 23, 2011, post anterior C5-6

6

discectomy and fusion, Dr. Fishkin opined, "in regards to the spine only, it is [his] best medical opinion that [Plaintiff] has a total temporary disability at his next appointment in approximately 6 weeks."  (T. 409, 413.)  On September 29, 2011 and October 27, 2011, Dr. Fishkin again opined, "in regards to the spine only, it is [his] best medical opinion that [Plaintiff] has a total temporary disability at his next appointment in approximately 4 weeks (T. 405) / 6 weeks (T. 398)."  In June 2012 and July 2012, Dr. Tetro opined Plaintiff had total temporary disability.  (T. 333, 337, 341, 345, 349, 358.)  On August 14, 2012, Dr. Tetro found Plaintiff could return to light duty work, with "no use of right arm."  (T. 562.)  On August 21, 2012, Dr. Tetro opined Plaintiff could return to light duty work, with "no repetition with the right arm" and "no lifting > 10 pounds."  (T. 708.)

   To be sure, the ALJ did not specifically address every statement provided by Drs. Tetro and Fishkin concerning Plaintiff's degree of disability or functional limitations.  (T. 84.)  However, contrary to Plaintiff's assertion, the ALJ did provide an explanation for weighing the multitude of similar opinions concerning Plaintiff's disability status.  (*Id.*)  Further contrary to Plaintiff's assertion, the ALJ did not "reject" the opinions.  (Dkt. No. 10 at 12.)  The ALJ afforded the doctors' opinions "limited weight."  (T. 84.)

   The ALJ acknowledged the record contained "multiple findings of a 75% marked partial disability, related to [Plaintiff's] knee injury," and "similar statements . . . such as limitations to sedentary type work," disability ratings, and opinions relating to Plaintiff's worker's compensation case.  (T. 84.)  The ALJ stated he afforded such statements "limited weight," concluding the statements went to the ultimate disability determination which was an issue reserved to the Commissioner, worker's compensation and other findings were provided under different standards for evaluation injuries and effects, and

7

overall a limitation to a "sedentary" RFC under Social Security Regulations would be consistent with the evidence as a whole. (*Id*.)

Indeed, the ultimate finding of whether a plaintiff is disabled and cannot work is "reserved to the Commissioner." 20 C.F.R. §§ 404.1527(d), 416.927(d). "That means that the Social Security Administration considers the data that physicians provide but draws its own conclusions as to whether those data indicate disability. A treating physician's statement that the claimant is disabled cannot itself be determinative." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999); *see Taylor v. Barnhart*, 83 F. App'x 347, 349 (2d Cir. 2003) ("Dr. Desai's opinion that Taylor was 'temporarily totally disabled' is not entitled to any weight, since the ultimate issue of disability is reserved for the Commissioner. Accordingly, we find no error in the ALJ's decision not to accord controlling weight to Dr. Desai's opinion.") (internal citations omitted); *see Barringer v. Comm'r of Soc. Sec.*, 358 F. Supp. 2d 67, 80 (N.D.N.Y. 2005) (ALJ did not err in his decision not to accord treating physician's opinion plaintiff was totally disabled controlling weight).

Overall, Plaintiff's argument, that the ALJ failed to evaluate the opinions provided by Drs. Tetro and Fishkin, is without merit. Although the ALJ did not evaluate each statement individually, the ALJ discussed the opinions in general and provided reasoning for affording the opinions limited weight.

**B.     RFC Determination**

Plaintiff argues the ALJ's RFC determination failed to include reaching, sitting, walking, and lifting limitations provided by medical sources whose opinions the ALJ afforded weight. (Dkt. No. 10 at 13.) Plaintiff specifically argues the ALJ's decision

8

failed to explain why he found Plaintiff could frequently reach, despite the consultative examiner's opinion of "moderate" limitations, or why he found Plaintiff had no limitations with sitting or standing for more than an hour or walking for more than 30 minutes, despite an independent medical examiner's opined limitations.  (Dkt. No. 10 at 14.)  For the reasons outlined below, the ALJ properly weighed the medical opinion evidence in the record, and the RFC determination was proper and supported by substantial evidence.

      The RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources.  *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c); 416.927(d), 416.945(a)(3), 416.946(c).  Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity.  *Id*. §§ 404.1512(c), 404.1527(e)(2), 404.1545(a), 404.1546(c), 416.912(c), 416.927(e)(2), 416.945(a), 416.946(c).

      In general, the ALJ is obligated to formulate Plaintiff's RFC based on the record as a whole, not just upon the medical opinions alone.  *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018).  Further, substantial evidence is evidence that "a reasonable mind might accept as adequate to support" a conclusion.  *Biestek v. Berryhill*, 139 S. Ct. 1148, 203 L. Ed. 2d 504 (2019).

In formulating Plaintiff's RFC, the ALJ considered the medical opinions in the record. On October 27, 2015, consultative examiner Donna Miller, D.O. examined Plaintiff and provided a medical source statement. (T. 958-961.) On examination, Dr. Miller observed cervical spine flexion 30 degrees, extension 30 degrees, rotation 30 degrees right, 20 degrees left; and right elbow flexion-extension 135 degrees, pronation 60 degrees, and supination 60 degrees. (T. 960.) Dr. Miller observed intact hand and finger dexterity and full grip strength. (T. 961.) Dr. Miller opined Plaintiff "should refrain from operating heavy machinery and driving secondary to his seizures." (*Id*.) She further opined Plaintiff had "moderate limitation with heavy lifting, bending, carrying, reaching, pushing, and pulling." (*Id*.)

The ALJ properly afforded Dr. Miller's opinion, that Plaintiff should avoid operating heavy machinery and driving, and moderate limitation with heavy lifting, bending, carrying, reaching, pushing and pulling, "moderate weight." (T. 84.) The ALJ concluded this portion of the opinion was "vague" in that it failed to provide "specific limitations." (*Id*.) The ALJ afforded "great weight," to the opinion's "absence of any limitation in sitting or exposure to other workplace hazards." (*Id*.)

On January 17, 2013, Patrick Hughes, M.D., completed an independent medical examination for the State of New York Worker's Compensation Board. (T. 450-456.) Dr. Hughes reviewed Plaintiff's medical record available at that time and performed a physical examination. (*Id*.) Dr. Hughes opined Plaintiff could work with "restrictions to light duty with no sitting for more than an hour, standing for more than an hour, walking for more than 30 minutes, or lifting more than 10 pounds." (T. 455.)

10

Dr. Hughes also completed a check-box form of functional limitations.  (T. 457.)  Dr. Hughes indicated Plaintiff could never: climb; kneel; bend/stoop/squat; perform fine manipulation; or work in extreme temperature or high humidity.  (T. 457.)  He indicated Plaintiff could occasionally (defined as "activity 2/3 the time"): lift/carry; pull/push; sit; stand; walk; perform simple grasping; reach overhead; reach at/below shoulder; drive a vehicle; and operate machinery.  (*Id*.)  When asked to select the applicable category for Plaintiff's exertional ability, Dr. Hughes checked "sedentary work – exerting up to 10 pounds of force occasionally and/or a negligible amount of force frequently to lift, carry, push, pull or otherwise move objects including the human body.  Sedentary work involved sitting most of the time but may involve walking or standing for brief periods of time.  Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met."  (*Id*.)

The ALJ afforded Dr. Hughes's opinion "some weight."  (T. 84.)  The ALJ concluded the opinion was based on "treatment" and "evidence as a whole supports limitation to sedentary exertional capacity."  (*Id*.)  The ALJ also concluded the doctor "somewhat overstates the extent of limitations in comparison to objective findings, and appears to rely high[ly] on subjective complaints."  (*Id*.)

Plaintiff argues the ALJ failed to explain how Dr. Miller's "moderate limitation" in reaching equated to the RFC determination Plaintiff could frequently reach; however, Plaintiff assumes each limitation provided in the RFC must equate to a specific medical opinion.  Plaintiff assumes incorrectly.  RFC limitations need not correspond to a specific opinion.  *See Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations and citation omitted) (where "the record contains sufficient evidence

11

from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required"); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). In addition, a "moderate" limitation in reaching does not necessarily preclude the ability to "frequently" reach. *See Jennifer Lee W. v. Berryhill*, No. 5:18-CV-0064, 2019 WL 1243759, at *5 (N.D.N.Y. Mar. 18, 2019) (a moderate limitation is not inconsistent with a finding that an individual can engage in frequent, but not constant activity).

Further, the ALJ's rationale supporting his determination Plaintiff could frequently reach, can be gleaned from the record. *See Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (quoting *Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983)) ("An ALJ is not required to discuss in depth every piece of evidence contained in the record, so long [as] the evidence of record permits the Court to glean the rationale of an ALJ's decision."). The ALJ relied on medical opinions and objective observations in making his determination.

In addition to Dr. Miller's opinion regarding reaching, the ALJ considered Dr. Hughes's opinion. The ALJ afforded Dr. Hughes's opinion, that Plaintiff could "occasionally" reach due to neck pain "some weight," reasoning the opinion was inconsistent with objective evidence and the doctor "overstate[d]" Plaintiff's limitations based on Plaintiff's subjective complaints. (T. 84); *see Roma v. Astrue*, 468 F. App'x

16, 19 (2d Cir. 2012) (an ALJ may provide less weight to a doctor's opinion because it was based on the subjective complaints of a plaintiff).

The ALJ relied on objective and subjective evidence in the record as well.  The ALJ noted, following elbow surgery, Plaintiff had full upper extremity strength, normal reflexes, intact hand and finger dexterity, and full grip strength.  (T. 82, 895, 906, 960-961, 967.)  The ALJ also considered Plaintiff's cervical injury.  The ALJ concluded, since December 2012, Plaintiff's treatment for his cervical injury included follow up treatment every six months, Plaintiff treated cervical pain with pain management, and reported improved cervical spine range of motion.  (T. 82, 895, 904-920, 1000, 1002, 1004, 1344, 1351.)  Lastly, the ALJ noted Plaintiff worked from late 2016 through 2017 and stopped, not due to cervical pain, but to knee pain.  (T. 81-82.)

Overall, the ALJ's conclusion, that Plaintiff could frequently reach, was supported by substantial evidence in the record including Dr. Miller and Dr. Hughes's opinions, objective medical observations, Plaintiff's ability to work in 2016-2017, and Plaintiff's testimony.

Plaintiff's argument, that the ALJ's RFC failed to account for Dr. Hughes's limitations also fails.  (Dkt. No. 10 at 14-17.)  Contrary to Plaintiff's assertion, the ALJ's RFC for sedentary work did not necessarily conflict with Dr. Hughes's opinion Plaintiff could "work with restrictions at light duty with no sitting for more than an hour, standing for more than an hour, walking for more than 30 minutes, or lifting more than 10 pounds."  (T. 455.)  Dr. Hughes also opined Plaintiff could perform sedentary work and "occasionally walk, stand, sit, or reach overhead or at/below shoulder level."  (T. 457.)

First, as stated herein, an ALJ's RFC need not correspond to a specific medical opinion. Although the ALJ afforded weight to Dr. Hughes's medical opinion, the ALJ's RFC need not contain every limitation provided by the doctor. The ALJ is tasked with resolving conflicts in the record and "we defer to the Commissioner's resolution of conflicting evidence," *Cage v. Comm'r of Soc. Sec.,* 692 F.3d 118, 122 (2d Cir. 2012), and reject the ALJ's findings "only if a reasonable factfinder would *have to conclude otherwise.*" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012)(emphasis in original)(citation omitted).

Second, the ALJ's RFC for sedentary work was consistent with Dr. Hughes's opinion Plaintiff could perform sedentary work with occasional sitting, standing, and walking. (T. 457.) The definition of sedentary work as defined in Dr. Hughes's statement was wholly consistent with the definition of sedentary work used by the Social Security Administration. (Compare T. 457 with 20 C.F.R. §§ 404.1567(a), 416.967(a).)

Third, as the ALJ explained, the portion of Dr. Hughes's opinion containing greater limitations, was not supported by objective evidence and appeared to rely solely on Plaintiff's subjective complaints. (T. 84, 4.50); *Meyer v. Comm'r of Soc. Sec.*, 794 F. App'x 23 (2d Cir. 2019)(doctor's opinion entitled to less weight in light of his heavy reliance on plaintiff's self-reports). Indeed, under "present complaints" Dr. Hughes noted Plaintiff's self-reported limitations that he was able to sit for "about an hour, stand still for 20 minutes, stand and move for one to one and a half hours, [and] walk for 20-30 minutes." (T. 450.) Further, the provided time limitations in sitting, standing and walking relate to the performance of the activity for a continuous period of time, not for a total over the course of an eight-hour day. (*Id*.)

Lastly, the ALJ concluded Dr. Hughes's own examination findings were inconsistent with his standing, walking, and sitting limitations, because examination findings showed intact muscle strength in all extremities with no issues getting on and off an exam table or walking unaided, and no evidence of muscle atrophy.  (T. 82, 84, 451, 455.)  The ALJ further relied on other objective medical evidence in the record as well, noting evidence was inconsistent with Dr. Hughes standing, walking, and sitting limitations.  (T. 80-84.)  The ALJ explained that medical examinations generally revealed 5/5 muscle strength with no muscle atrophy; stable and non-tender joints; negative straight leg raise tests; no sensory deficits; a generally normal gait and stance; and the ability to rise from a chair without difficulty.  (T. 82, 262-63, 312-13, 378, 382, 397, 424, 429-430, 451, 455, 959-961, 1344, 1351.)  In addition, the ALJ gave great weight to the portion of Dr. Miller's opinion showing an "absence of any limitation in sitting."  (T. 84, 961.)

The ALJ's RFC for sedentary work was therefore supported by the record as a whole.  *Trepanier,* 752 F. App'x at 79.  The ALJ considered the medical opinions in the record and properly afforded the limitations provided various weight.  The ALJ further relied on objective evidence in the record and Plaintiff's testimony, including Plaintiff's ability to work at substantial gainful activity levels during the period in question.  Although the ALJ did not adopt any one medical opinion opinions in its entirety, he adequately explained his reasons for not doing so.

The ALJ has the duty to evaluate conflicts in the evidence.  *See* 20 C.F.R. §§ 404.1567(c)(i), 416.927(c)(i); *Monroe,* 676 F. App'x at 7 ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.") (quoting *Veino v. Barnhart*, 312

F.3d 578, 588 (2d Cir. 2002)).  Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise."  *Morris v. Berryhill*, No. 16-02672, 2018 WL 459678, at *3 (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence).  As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision.  *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)).  As the Supreme Court stated, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."  *Biestek,* 139 S. Ct. at 1154.  "[O]nce an ALJ finds facts, [the Court] can reject those facts only if a reasonable factfinder *would have to conclude otherwise*."  *Brault,* 683 F.3d at 448.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:     January 4, 2021

William B. Mitchell Carter
U.S. Magistrate Judge